# Exhibit "A"


**® Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
11/12/2024
CT Log Number 547742527

## Service of Process Transmittal Summary

**TO:**     Rebecca Thompson, Legal Svs Spclst
UnitedHealth Group Incorporated (111504190770700600)
9900 BREN RD E STE 300W
MINNETONKA, MN 55343-9693

**RE:**     **Process Served in Florida**

**FOR:**    UnitedHealthcare Insurance Company (301800099745000000048)  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LINDSAY JEVREMOVIC vs. UNITED HEALTHCARE INSURANCE COMPANY |
| **CASE #:** | 502024CA010550XXXXMB |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Electronic Receipt on 11/12/2024 at 00:00 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Administrative Assistant  legalmail@uhg.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

LINDSAY JEVREMOVIC

PLAINTIFF(S)

VS.

UNITED HEALTHCARE INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, ORDER

**CASE #:** **502024CA010550XXXXMB**
**COURT:** **15TH JUDICIAL CIRCUIT**
**COUNTY:** **PALM BEACH**
**DFS-SOP #:** 24-000358908

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Thursday, November 7, 2024 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, November 12, 2024 to the designated agent for the named entity as shown below.

UNITEDHEALTHCARE INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis
Chief Financial Officer

LINDSAY KARTEN
KARTEN LEGAL
3386 CHURCHILL DRIVE
BOYNTON BEACH, FL 33435

AJ1

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

LINDSAY JEVREMOVIC,

      PLAINTIFF,
                              CASE NO.:

VS.                                **502024CA010550XXXAMB AI**

UNITED HEALTHCARE
INSURANCE COMPANY,

      DEFENDANT.

_____/

## SUMMONS

The State of Florida:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on
**Defendant: UNITED HEALTHCARE INSURANCE COMPANY**,

By serving its registered agent for the service of process:

Chief Financial Officer
Florida Department of Financial Services
200 E. Gaines St.
Tallahassee, FL 32399-0000

      Each Defendant is required to serve written defenses to the complaint on Alan Karten, Esq.,
Plaintiff's attorney, whose address is alankartenlaw@gmail.com, 321 Anderson Pond Road, Aiken, South
Carolina 29803, within 20 days after service of this Summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's
attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that
Defendant for the relief demanded in the Complaint.

DATED on **Nov 07 2024** _____

Joseph Abruzzo, As Clerk of the Court

By: _____

      As Deputy Clerk **JOSIE LUCCE**

This notice is provided pursuant to Administrative Order No. 2.207-6/22

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

LINDSAY JEVREMOVIC,

      PLAINTIFF,                    CASE NO.:

VS.

UNITED HEALTHCARE INSURANCE
COMPANY,

      DEFENDANT.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, LINDSAY JEVREMOVIC, by and through her undersigned counsel, sues Defendant, UNITED HEALTHCARE INSURANCE COMPANY, for a declaratory judgment, stating as follows:

1.      At all times material hereto, Plaintiff is and was a resident of Palm Beach County, Florida and is otherwise sui juris.

2.      At all times material hereto, Defendant was and is an insurance company, doing business in Palm Beach County, Florida, and is otherwise sui juris.

3.      The Parties entered into a written contract, the insurance policy, providing health insurance through the policy period of May 1, 2024, through December 31, 2024.  A copy of the Policy is not in possession of Plaintiff, but it is in possession of Defendant.

4.      In July of 2024 a prior authorization request was submitted to Defendant for an injection of immune globulin, specifically Gammunex/ Gammunex-C/Gammaked), 500 mg.

5.     On July 18, 2024, Defendant wrongfully denied the prior authorization request stating immune globulin has not been shown to be helpful for [Jevremovic's] condition. See July 18, 2024, correspondence, Exhibit A.

6.     In October of 2024 Plaintiff submitted an appeal.

7.     On October 31, 2024, Defendant sent correspondence advising Plaintiff that the appeal was being denied; again stating that immune globulin has not been shown to be helpful for [Jevremovic's] condition. See October 31, 2024, correspondence, Exhibit B.

8.     The Plaintiff has paid out-of-pocket for immune globulin treatments since July of 2024.

9.     Jurisdiction and venue are proper based upon the amount in controversy, nature of the causes of action and residence of the Plaintiff.

10.     Due to Defendant's conduct, Plaintiff has been obligated to retain undersigned counsel to bring this action, and pursuant to Fla. Stat. § 86.121, is entitled to recover a reasonable attorney's fee from Defendant.

11.     This is an action for Declaratory Relief pursuant to Fla. Stat. ch. 86 and the Court's general equity powers to declare the Parties' rights and obligations under the contract of insurance.

12.     The amount in controversy is greater than $15,000.00 exclusive of attorney's fees and costs.

13.     Pursuant to the terms of the Policy, the Policy covers all medically necessary health care services.

14.     Plaintiff's doctor has prescribed Gammunex-C [a brand of immune globulin] to treat plaintiff's immune system and believes this treatment to be medically necessary.

15.     The defendant believes immune globulin treatment is not medically necessary.

16.     The interpretation of the Policy and Florida law, as interpreted by Defendant in regard to the issues herein, is wrong.

17.     A declaratory action is the proper cause of action for the Court to determine whether coverage exists for this insurance claim.

18.     Based upon the conflicting positions of the Parties, there is at least an ambiguity in the applicable Policy provisions and Florida law related to Defendant's duty to pay for medically necessary medical treatment.

19.     The actions taken by Defendant, based on Defendant's unilateral interpretation of the express terms of the Policy, conflict with Plaintiff's interpretation of the terms of the Policy.

20.     Due to the Defendant's actions compared to Plaintiff's interpretation, Plaintiff is unsure of rights in regards to the Policy, and Plaintiff seeks a declaration by the Court of rights regarding whether there is coverage under the Policy for immune globulin in accordance with Florida law.

21.     Defendant's unilateral interpretation of the Policy has created the need for Plaintiff to obtain the Court's declaration on the above-stated issues.

22.     Therefore, the Plaintiff is doubtful, unsure and uncertain as to rights under the Policy due to ambiguities and provisions in the Policy combined with Defendant's unilateral conduct, actions and/or inactions.

23.     Pursuant to the declaratory judgment statutes, the Court has the jurisdiction and power to construe relations that are affected by the construction of an insurance policy and issue a declaratory judgment in relation to same as to whether there should be coverage under an insurance policy.

24.     Accordingly, the Plaintiff has filed this request for declaratory relief seeking the Court's construction and interpretation of the Policy as it relates to whether there is coverage under the insurance policy.

WHEREFORE, Plaintiff prays this Honorable Court take jurisdiction of this matter and declare the Parties' rights and duties under the Policy, including, but not limited to a declaratory judgment in Plaintiff's favor on the above coverage issues; a judgment in Plaintiff's favor for the recovery of all reasonable attorneys fees and costs pursuant to Fla. Stat. § 86.121; and a reservation of jurisdiction to enter such further orders and judgments as may be required to enforce the Court's declaration and to resolve any disputes that may arise in further adjusting or paying the Loss upon a determination of coverage; and for such other and further relief this Court deems just and equitable.

### Demand for Jury Trial

25.     Plaintiff demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted,

Law Office of Alan I. Karten, PLLC
321 Anderson Pond Road
Aiken, South Carolina 29803
Telephone: (305) 490-2767
alankartenlaw@gmail.com

     /S/ Alan I. Karten
Alan I. Karten, Esq.
Attorney for Plaintiff
Florida Bar No. 200263



Atlanta, GA 30374-0376

LINDSAY JEVREMOVIC
3386 CHURCHILL DRIVE
BOYNTON BEACH FL 33435

# EXHIBIT A

The company does not discriminate on the basis of race, color, national origin, sex, age, or disability in health programs and activities.

We provide free services to help you communicate with us, such as letters in other languages or large print. Or, you can ask for an interpreter. To ask for help, please call the member toll-free number listed on your ID card.

ATENCIÓN: Si habla español (Spanish), hay servicios de asistencia de idiomas, sin cargo, a su disposición. Llame al número de teléfono gratuito que aparece en su tarjeta de identificación.

請注意：如果您說中文 (Chinese)，我們免費為您提供語言協助服務。請撥打會員卡所列的免付費會員電話號碼。


United Healthcare

Atlanta, GA 30374-0376

LINDSAY JEVREMOVIC
3386 CHURCHILL DRIVE
BOYNTON BEACH FL 33435

Plan ID: 01Y7221
Plan name: BERNSTEIN POLSKY, P.A.
Member ID: 989355277

July 18, 2024

Dear Lindsay,

We received a request to cover the following health care services for you. We review all coverage requests to make sure services are covered according to the rules of your health plan. Based on the information we have, we determined that the services requested are not covered by your plan.

**Member name:** Lindsay Jevremovic
**Service Reference #:** A242993526
**Provider/health care professional:** Optum Infusion Services 203
**Place of service:** Home
**Diagnosis:** D89.9  Disorder involving the immune mechanism, unspecified
**Claim amount (if applicable):** Not Applicable
**Denial code (if applicable):** Not Applicable

**Service(s) not covered:**
- **Procedure code:** J1561
  - **Procedure description:** Injection, immune globulin, (Gamunex/Gamunex-C/Gammaked), nonlyophilized (e.g., liquid), 500 mg
  - **Total requested:** 867 Units
  - **Frequency:** 1 Time(s)
  - **Date(s) of service:** 07/05/2024 - 07/05/2025

This determination is based on the information submitted, your health plan, and our UnitedHealthcare Commercial Medical Benefit Drug Policy Immune Globulin (IVIG and SCIG) Policy Number: 2024D0035AN Effective Date: July 1, 2024.

The services are not eligible for coverage because your plan doesn't cover unproven procedures. Your plan only covers proven procedures, which are:
- Recognized as safe and effective for the diagnosis or treatment of a specified condition and
- Based on clinical evidence published in peer-reviewed medical literature

This determination is based on information found in your plan documents in the following section: Certificate of Coverage, Riders, Amendments, and Notices

for
BERNSTEIN POLSKY, P.A.
Group Number: GA1Y7221BW Health Plan: DI - HT Prescription Code: L27S
Effective Date: January 1, 2024, Section 9: Defined Terms,

Medically Necessary - health care services that are all of the following as determined by us or our designee:
In accordance with Generally Accepted Standards of Medical Practice.
Clinically appropriate, in terms of type, frequency, extent,service site and duration, and considered effective for your Sickness, Injury, Mental Illness, substance-related and addictive disorders, disease or its symptoms.
Not mainly for your convenience or that of your doctor or other health care provider.
Not more costly than an alternative drug, service(s), service site or supply that is at least as likely to produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of your Sickness, Injury, disease or symptoms.; Pg. 66 - Experimental or Investigational Service(s) - medical, surgical, diagnostic, psychiatric, mental health,
substance-related and addictive disorders or other health care services, technologies, supplies, treatments,procedures, drug therapies, medications, or devices that, at the time we make a determination regarding
coverage in a particular case, are determined to be any of the following:
1. Not approved by the U.S. Food and Drug Administration(FDA) to be lawfully marketed for the proposed
use and not identified as appropriate for proposed use in any of the following:
AHFS Drug Information (AHFS DI) under therapeutic uses section;
Elsevier Gold Standards ClinicalPharmacologyunder the indications section;
DRUGDEX System by Micromedex under the therapeutic uses section and has a strength recommendation rating of class I, class IIa, or class IIb; or
National Comprehensive Cancer Network (NCCN) drugs and biologics compendium category of evidence 1, 2A, or 2B.
2. Subject to review and approval by any institutional review board for the proposed use. (Devices which are
FDA approved under the Humanitarian Use Device exemption are not Experimental or Investigational.)
3. The subject of an ongoing clinical trial that meets the definition of a Phase I, II, or III clinical trial set forth in
the FDA regulations, regardless of whether the trial is actually subject to FDA oversight.
4. Only obtainable, with regard to outcomes for the given indication, within research settings.
Exceptions:
Clinical trials for which Benefits are available as described under Clinical Trials in Section 1: Covered Health
Care Services.
We may, as we determine, consider an otherwise Experimental or Investigational Service to be a Covered
Health Care Service for that Sickness or condition if:
You are not a participant in a qualifying clinical trial, as described under ClinicalTrials in Section 1:
Covered Health Care Services; and
You have a Sickness or condition that is likely to cause death within one year of the request for treatment.

Prior to such a consideration, we must first establish that there is sufficient evidence to conclude that, even

though unproven, the service has significant potential as an effective treatment for that Sickness or condition.

State Mandates, If Any:

Here is the specific clinical reason for our decision:
Your doctor plans a medication called immune globulin (IVIG) for you. We reviewed the information sent by your doctor. This information said you have trouble with pregnancy. We looked at your health plan medical criteria about this treatment and your condition. According to your health plan medical policy, IVIG has not been shown to be helpful for your condition. Therefore, it is not covered by your health plan at this time. Please discuss your options with your doctor.

Note: This is a benefit determination, not a medical decision. Only you and your doctor can decide what medical care you need.

**Don't agree with this determination?**
Your **provider** can discuss this case by calling the OptumHealth Care Solutions, LLC Peer-to-Peer Support Team at **1-800-945-0118**.

- If your provider asks for a peer-to-peer review, and the request for coverage is still denied, you can ask for a grievance/appeal.
- If you have already *started* a grievance/appeal, your provider cannot ask for a peer-to-peer review.

You or your representative can also request a grievance/appeal. A grievance/appeal is a formal way of asking us to review information and change our determination. The grievance/appeal rights included with this letter have helpful information about requesting a grievance/appeal.

**Questions? We're here to help**
If you have any questions, please call the toll-free number on your health plan ID card. TTY users should call 711.

Sincerely,
Lauriann T. Kellner, MD
Medical Director
OptumHealth Care Solutions, LLC on behalf of UnitedHealthcare Insurance Company
5701 Katella Avenue
CA120-0300
Cypress, CA 90630

Copy to: Optum Infusion Services 203
Copy to: Raphael Stricker

Enclosure:    Florida Member Appeal Rights

FL Unproven Adverse

04/2022

You are responsible for deductibles, coinsurance, copayments, and items not covered by the plan. Before getting services, it's a good idea to check your provider's network status and cost of service.

Coverage for these services is subject to the terms and conditions of your health benefit plan including exclusions, limitations, conditions, and patient eligibility. Payment is based on the submitted claim, the actual health care services you received, your plan benefit language when services are received, and other plan rules, including coordination of benefits.If required by your plan, your primary care provider must send an electronic referral before you see a specialist. If you see a specialist without a referral, you might have to pay the full cost for services.

Visit **myuhc.com®** to access the cost estimator tool, look up benefits, update account information, find a doctor or facility, learn more about healthy living, or view your claims, Health Statements, and Explanation of Benefits. Registration is easy and gives you access to useful tools and information to help you take charge of your health and health care.

Visit **justplainclear.com** to find simple definitions for complicated health care terms.

**Florida Member Appeal Rights**

**Can I get copies of information used to make the decision?**
You, your doctor, health care professional, or a person you trust to represent you, such as a family member (authorized representative) may ask to see any information we used to make this decision. This information is free of charge and includes:

- Documents
- Records
- Health benefit plan provisions
- Internal rules
- Guidelines and protocols
- Any other relevant information

Mail your request for this information and a copy of this letter to:

> UnitedHealthcare Central Escalation Unit
> Attn: Document Requests
> P.O. Box 30573
> Salt Lake City, UT 84130-0573

**What if I don't agree with this decision?**
1. You or your authorized representative may accept our decision as it stands.
2. You or your authorized representative may request a grievance/appeal.

**What is a grievance/appeal?**
A grievance/appeal is a formal way of asking us to review a coverage decision.

**Who can file a grievance/appeal?**
You, your authorized representative, doctor, health care professional or attorney can file a grievance/appeal.

- This person must have your written approval to make grievances/appeals for you.
- To have someone else represent you, call the toll-free member number on your health plan ID card, and we'll send you a form.

**How long do I have to file a grievance/appeal?**
You, or your authorized representative, can file a grievance. (if you belong to an HMO or have an EPO plan) or request an appeal (if you have an insurance plan).

- **For HMO/EPO plans**, you must ask for a grievance within 365 calendar days of when you get this letter.
- **For insurance plans**, you must ask for an appeal within 180 calendar days of when you get this letter.
  - If you don't send the appeal on time, you might lose your right to appeal the decision.
  - Asking about the appeals/grievance process doesn't change the time you have to submit a grievance/appeal.

**When will you review my grievance/appeal?**
We'll review your grievance/appeal and give you a decision within 30 days for services you haven't received and 60 days for services you have received.

**How do I file a grievance/appeal?**

The following information is what we need to review a grievance/appeal:

- A written request asking us to reconsider our decision
- The specific coverage decision you want us to review
- An explanation of why the requested service should be considered for coverage
- Any additional information that supports your position
- A copy of this letter

Mail or fax this information to:

> UnitedHealthcare Appeals Unit
> P.O. Box 30573
> Salt Lake City, UT  84130-0573
>
> Standard grievance/appeal fax: 1-801-938-2100
> **Expedited (fast) grievance/appeal fax: 1-801-994-1083**

**For Physicians/Providers Use Only When Filing a Grievance/Appeal on behalf of the Member:**

> Portal Online Submissions: Go to https://UHCprovider.com

We'll send you a letter that explains our decision about your grievance/appeal and what you can do if you don't agree.

The person who reviews your grievance/appeal will not be the same person, or work for the person, who made the original decision.

**What if my situation is urgent?**

If your situation is urgent, you can request an internal urgent appeal/grievance. If your request is approved, we'll review your grievance/appeal within 72 hours. You can ask for an urgent external review to be completed at the same time as an internal urgent grievance/appeal.

Generally, an urgent situation means that without prompt or immediate medical attention:

- Your health or life might be in serious danger.
- Your bodily organs or functions might be seriously impaired.
- You might not be able to regain maximum function.
- In your doctor's opinion, you may have pain that cannot be adequately controlled.
- Your request concerns the availability of care (care is not available); an admission or continued stay at a facility; or if you received emergency health care services and you haven't been discharged from the health care facility.

You can ask for an urgent external review at the same time you ask for an urgent internal appeal/grievance.

**What if I still think this service should be covered?**

You can ask for an external review. If you qualify, a health care professional outside of the insurance company will review the denial and issue a final decision.

You'll get more information about the external review process when we receive your request.

**What is an urgent external review?**
Please see *What if my situation is urgent?* The difference between an internal urgent appeal/grievance and an external urgent review is that a health care professional outside of the insurance company reviews the denial and makes the final decision.

If you qualify for an external urgent review, you'll get a decision within 72 hours of when the request and any additional information is received.

Please call the phone number on your health plan ID card or fax your request to the number listed above.

**Are there other resources that can help me understand the grievance/appeal process?**
There may be other resources available to help you understand the grievance/appeal process. For questions about your rights, this notice, or for assistance, you can contact the Employee Benefits Security Administration at 1-866-444-EBSA (3272).


**Other member rights**
You may have the right to file a civil action under ERISA if all required reviews of your claim have been completed.

If you are not satisfied with this decision, you or your authorized representative may contact the State Department of Insurance to request its review of this decision:

> Florida Department of Financial Services
> Division of Consumer Services
> 200 East Gaines Street
> Tallahassee, FL  32399-0322
> Phone: 1-877-693-5236
> Out of State Callers: 1-850-413-3089
> Email: Consumer.Services@myfloridacfo.com

Florida Member Appeal Rights
09/2023



Atlanta, GA 30374-0376

**Grievance/Appeal Fax Cover Sheet**

| To: **UnitedHealthcare Appeals** | Date: |
|---|---|
| Fax Number: | Patient's Name: |
| | From: |
| | Fax Number: |
| | Phone Number: |
| Comments: | |

**To submit grievance/appeal please fax this cover sheet to the appropriate fax number along with your:**
1. Letter of grievance/appeal
2. Original denial information
3. Applicable medical records

**To submit a standard grievance/appeal, use the following fax number: 1-801-938-2100**

**To submit an urgent/expedited grievance/appeal, use the following fax number: 1-801-994-1083**

**Please tell us why your request is urgent.**

**Please note**: Generally, an urgent or expedited grievance/appeal is available when the patient's condition is such that applying standard time frames for deciding the grievance/appeal could jeopardize the patient's life, health, or ability to regain maximum function, or subject the claimant to severe pain.

It is very important that you submit this form to one of the fax numbers above. Submission of the form to another address may result in a delay in our receipt and resolution of the grievance/appeal.

**CONFIDENTIALITY NOTICE:** Information accompanying this facsimile is considered to be UnitedHealthcare's confidential and/or proprietary business information. Consequently, this information may be used only by the person or entity to which it is addressed. Such recipient shall be liable for using and protecting UnitedHealthcare's information from further disclosure or misuse, consistent with applicable contract and/or law. The information you have received may contain protected health information (PHI) and must be handled according to applicable state and federal laws, including, but not limited to HIPAA. Individuals who misuse such information may be subject to both civil and criminal penalties. If you believe you received this information in error, please contact the sender immediately.

Revised: 3/2023



Atlanta, GA 30374-0376


LINDSAY JEVREMOVIC
3386 CHURCHILL DRIVE
BOYNTON BEACH FL 33435


# EXHIBIT B

The company does not discriminate on the basis of race, color, national origin, sex, age, or disability in health programs and activities.

We provide free services to help you communicate with us, such as letters in other languages or large print. Or, you can ask for an interpreter. To ask for help, please call the member toll-free number listed on your ID card.

ATENCIÓN: Si habla español (Spanish), hay servicios de asistencia de idiomas, sin cargo, a su disposición. Llame al número de teléfono gratuito que aparece en su tarjeta de identificación.

請注意：如果您說中文 (Chinese)，我們免費為您提供語言協助服務。請撥打會員卡所列的免付費會員電話號碼。

 United Healthcare

Atlanta, GA 30374-0376

LINDSAY JEVREMOVIC
3386 CHURCHILL DRIVE
BOYNTON BEACH FL 33435

Plan ID: 01Y7221
Plan Name: BERNSTEIN POLSKY, P.A.
Member ID: 989355277

October 31, 2024

Dear Lindsay,

We received a request to cover the following health care services for you. We review all coverage requests to make sure services are covered according to the rules of your health plan. Based on the information we have, we determined that the services requested are not covered by your plan.

**Member name:** Lindsay Jevremovic
**Service Reference #:** A253754896
**Provider/health care professional:** Optum Infusion Services 203
**Place of service:** Home
**Diagnosis:** D89.9  Disorder involving the immune mechanism, unspecified
**Claim amount (if applicable):** Not Applicable
**Denial code (if applicable):** Not Applicable

**Service(s) not covered:**
- **Procedure code:** J1561
  - **Procedure description:** Injection, immune globulin, (Gamunex/Gamunex-C/Gammaked), nonlyophilized (e.g., liquid), 500 mg
  - **Total requested:** 1080 Units
  - **Frequency:** 1 Time(s)
  - **Date(s) of service:** 10/16/2024 - 10/16/2025

This determination is based on the information submitted, your health plan, and our UnitedHealthcare Commercial Medical Benefit Drug Policy Immune Globulin (IVIG and SCIG) Policy Number: 2024D0035AN Effective Date: July 1, 2024.

The services are not eligible for coverage because your plan doesn't cover unproven procedures. Your plan only covers proven procedures, which are:
- Recognized as safe and effective for the diagnosis or treatment of a specified condition and
- Based on clinical evidence published in peer-reviewed medical literature

This determination is based on information found in your plan documents in the following section:

Document Type: Summary Plan Description
Effective Date: 01/01/24
DOC ID# (Applies to DOC360): NA; PRIME
Section Name: Section 9: Defined Terms
Page Number: 68

Plan Language: Medically Necessary - health care services that are all of the following as determined by us or our designee:
In accordance with Generally Accepted Standards of Medical Practice.
Clinically appropriate, in terms of type, frequency, extent, service site and duration, and considered effective for your Sickness, Injury, Mental Illness, substance-related and addictive disorders, disease or its symptoms.
Not mainly for your convenience or that of your doctor or other health care provider.
Not more costly than an alternative drug, service(s), service site or supply that is at least as likely to produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of your Sickness, Injury, disease or symptoms.
Generally Accepted Standards of Medical Practice are standards that are based on credible scientific evidence published in peer-reviewed medical literature generally recognized by the relevant medical community,relying primarily on controlled clinical trials, or, if not available, observational studies from more than one institution that suggest a causal relationship between the service or treatment and health outcomes.
If no credible scientific evidence is available, then standards that are based on Physician specialty society recommendations or professional standards of care may be considered. We have the right to consult expert opinion in determining whether health care services are medically necessary. The decision to apply Physician specialty society recommendations, the choice of expert and the determination of when to use any such expert opinion, shall be determined by us.
We develop and maintain clinical policies that describe the Generally Accepted Standards of Medical Practice scientific evidence, prevailing medical standards and clinical guidelines supporting our determinations regarding specific services.

Here is the specific clinical reason for our decision:
Your doctor wants to give you the medicine Gamunex-C to treat your immune system. We reviewed your health plans medical policy and health plans benefit document for medical therapy. The request does not meet the health plans criteria for the following reasons:

-This treatment has not been shown to be helpful for your medical condition.

Therefore, this medicine is not covered under your health plan. Please speak with your provider about your options. Your health is important to us. We are available to speak with your provider about your care and treatment options

Note: This is a benefit determination, not a medical decision. Only you and your doctor can decide what medical care you need.

## Don't agree with this determination?
Your **provider** can discuss this case by calling the OptumHealth Care Solutions, LLC Peer-to-Peer Support Team at **1-800-945-0118**.
- If your provider asks for a peer-to-peer review, and the request for coverage is still denied, you can ask for a grievance/appeal.

- If you have already *started* a grievance/appeal, your provider cannot ask for a peer-to-peer review.

You or your representative can also request a grievance/appeal. A grievance/appeal is a formal way of asking us to review information and change our determination. The grievance/appeal rights included with this letter have helpful information about requesting a grievance/appeal.

**Questions? We're here to help**
If you have any questions, please call the toll-free number on your health plan ID card. TTY users should call 711.

Sincerely,
Brittney Bobb, DNP, APRN, FNP-C
Medical Director
OptumHealth Care Solutions, LLC on behalf of UnitedHealthcare Insurance Company
5701 Katella Avenue
CA120-0300
Cypress, CA 90630

Copy to: Optum Infusion Services 203
Copy to: David Lubetkin

Enclosure:     Florida Member Appeal Rights

FL Unproven Adverse
04/2022

---

You are responsible for deductibles, coinsurance, copayments, and items not covered by the plan. Before getting services, it's a good idea to check your provider's network status and cost of service.

Coverage for these services is subject to the terms and conditions of your health benefit plan including exclusions, limitations, conditions, and patient eligibility. Payment is based on the submitted claim, the actual health care services you received, your plan benefit language when services are received, and other plan rules, including coordination of benefits.If required by your plan, your primary care provider must send an electronic referral before you see a specialist. If you see a specialist without a referral, you might have to pay the full cost for services.

Visit **myuhc.com®** to access the cost estimator tool, look up benefits, update account information, find a doctor or facility, learn more about healthy living, or view your claims, Health Statements, and Explanation of Benefits. Registration is easy and gives you access to useful tools and information to help you take charge of your health and health care.

Visit **justplainclear.com** to find simple definitions for complicated health care terms.

**Florida Member Appeal Rights**

**Can I get copies of information used to make the decision?**
You, your doctor, health care professional, or a person you trust to represent you, such as a family member (authorized representative) may ask to see any information we used to make this decision. This information is free of charge and includes:

- Documents
- Records
- Health benefit plan provisions
- Internal rules
- Guidelines and protocols
- Any other relevant information

Mail your request for this information and a copy of this letter to:

> UnitedHealthcare Central Escalation Unit
> Attn: Document Requests
> P.O. Box 30573
> Salt Lake City, UT 84130-0573

**What if I don't agree with this decision?**
1. You or your authorized representative may accept our decision as it stands.
2. You or your authorized representative may request a grievance/appeal.

**What is a grievance/appeal?**
A grievance/appeal is a formal way of asking us to review a coverage decision.

**Who can file a grievance/appeal?**
You, your authorized representative, doctor, health care professional or attorney can file a grievance/appeal.

- This person must have your written approval to make grievances/appeals for you.
- To have someone else represent you, call the toll-free member number on your health plan ID card, and we'll send you a form.

**How long do I have to file a grievance/appeal?**
You, or your authorized representative, can file a grievance. (if you belong to an HMO or have an EPO plan) or request an appeal (if you have an insurance plan).

- **For HMO/EPO plans**, you must ask for a grievance within 365 calendar days of when you get this letter.
- **For insurance plans**, you must ask for an appeal within 180 calendar days of when you get this letter.
  - If you don't send the appeal on time, you might lose your right to appeal the decision.
  - Asking about the appeals/grievance process doesn't change the time you have to submit a grievance/appeal.

**When will you review my grievance/appeal?**
We'll review your grievance/appeal and give you a decision within 30 days for services you haven't received and 60 days for services you have received.

**How do I file a grievance/appeal?**
The following information is what we need to review a grievance/appeal:

- A written request asking us to reconsider our decision
- The specific coverage decision you want us to review
- An explanation of why the requested service should be considered for coverage
- Any additional information that supports your position
- A copy of this letter

Mail or fax this information to:

UnitedHealthcare Appeals Unit
P.O. Box 30573
Salt Lake City, UT  84130-0573

Standard grievance/appeal fax: 1-801-938-2100
**Expedited (fast) grievance/appeal fax: 1-801-994-1083**

**For Physicians/Providers Use Only When Filing a Grievance/Appeal on behalf of the Member:**

Portal Online Submissions: Go to https://UHCprovider.com

We'll send you a letter that explains our decision about your grievance/appeal and what you can do if you don't agree.

The person who reviews your grievance/appeal will not be the same person, or work for the person, who made the original decision.

**What if my situation is urgent?**
If your situation is urgent, you can request an internal urgent appeal/grievance. If your request is approved, we'll review your grievance/appeal within 72 hours. You can ask for an urgent external review to be completed at the same time as an internal urgent grievance/appeal.

Generally, an urgent situation means that without prompt or immediate medical attention:

- Your health or life might be in serious danger.
- Your bodily organs or functions might be seriously impaired.
- You might not be able to regain maximum function.
- In your doctor's opinion, you may have pain that cannot be adequately controlled.
- Your request concerns the availability of care (care is not available); an admission or continued stay at a facility; or if you received emergency health care services and you haven't been discharged from the health care facility.

You can ask for an urgent external review at the same time you ask for an urgent internal appeal/grievance.

**What if I still think this service should be covered?**
You can ask for an external review. If you qualify, a health care professional outside of the insurance company will review the denial and issue a final decision.

You'll get more information about the external review process when we receive your request.

**What is an urgent external review?**

Please see *What if my situation is urgent?* The difference between an internal urgent appeal/grievance and an external urgent review is that a health care professional outside of the insurance company reviews the denial and makes the final decision.

If you qualify for an external urgent review, you'll get a decision within 72 hours of when the request and any additional information is received.

Please call the phone number on your health plan ID card or fax your request to the number listed above.

**Are there other resources that can help me understand the grievance/appeal process?**

There may be other resources available to help you understand the grievance/appeal process. For questions about your rights, this notice, or for assistance, you can contact the Employee Benefits Security Administration at 1-866-444-EBSA (3272).

**Other member rights**

You may have the right to file a civil action under ERISA if all required reviews of your claim have been completed.

If you are not satisfied with this decision, you or your authorized representative may contact the State Department of Insurance to request its review of this decision:

Florida Department of Financial Services
Division of Consumer Services
200 East Gaines Street
Tallahassee, FL  32399-0322
Phone: 1-877-693-5236
Out of State Callers: 1-850-413-3089
Email: Consumer.Services@myfloridacfo.com

Florida Member Appeal Rights
09/2023



Atlanta, GA 30374-0376

## Grievance/Appeal Fax Cover Sheet

| To: **UnitedHealthcare Appeals** | Date: |
|---|---|
| Fax Number: | Patient's Name: |
| | From: |
| | Fax Number: |
| | Phone Number: |
| Comments: | |

**To submit grievance/appeal please fax this cover sheet to the appropriate fax number along with your:**
1. Letter of grievance/appeal
2. Original denial information
3. Applicable medical records

**To submit a standard grievance/appeal, use the following fax number: 1-801-938-2100**

**To submit an urgent/expedited grievance/appeal, use the following fax number: 1-801-994-1083**

**Please tell us why your request is urgent.**

**Please note**: Generally, an urgent or expedited grievance/appeal is available when the patient's condition is such that applying standard time frames for deciding the grievance/appeal could jeopardize the patient's life, health, or ability to regain maximum function, or subject the claimant to severe pain.

It is very important that you submit this form to one of the fax numbers above. Submission of the form to another address may result in a delay in our receipt and resolution of the grievance/appeal.

**CONFIDENTIALITY NOTICE:** Information accompanying this facsimile is considered to be UnitedHealthcare's confidential and/or proprietary business information. Consequently, this information may be used only by the person or entity to which it is addressed. Such recipient shall be liable for using and protecting UnitedHealthcare's information from further disclosure or misuse, consistent with applicable contract and/or law. The information you have received may contain protected health information (PHI) and must be handled according to applicable state and federal laws, including, but not limited to HIPAA. Individuals who misuse such information may be subject to both civil and criminal penalties. If you believe you received this information in error, please contact the sender immediately.

Revised: 3/2023

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AI"
CASE NO.: 502024CA010550XXXAMB
LINDSAY JEVREMOVIC,
     Plaintiff/Petitioner
vs.
UNITED HEALTHCARE INSURANCE COMPANY,
    Defendant/Respondent.
_____/

**ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN,
DESIGNATING CASE TO THE GENERAL TRACK,
ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE
AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES
(DCMGJT)**

     **THIS MATTER** is a Circuit Civil case calling for a jury trial. Accordingly, it is

     **ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **GENERAL TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 18 months from the date of filing.** To that end, the following procedures and deadlines shall be strictly observed:

I.  **<u>SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE</u>**

     **Plaintiff/Petitioner is directed to serve this Order** upon each Defendant/Respondent with the Initial Complaint/Petition and Summons. The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

     The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

     **Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

     **Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

     **NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE**

**SANCTION.**

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a **"Suggestion of Non-Compliance with Pre-Trial Order"** that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

II. <u>**SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES**</u>

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on May 1, 2026**. The parties must be ready to try the case by that day. The specific time of Case Management Conference and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar. <u>This Order serves as notice to the parties that failure to attend the Case Management Conference and Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.</u> <u>See Fla. R. Civ. P. 1.200(j)(6).</u>

The trial period begins the first business day of the immediately following week after the above-listed  Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. R. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

Case No. 50-2024-CA-010550-XXXA-MB

**The following deadlines (discussed in detail below) apply unless otherwise modified by the Court:**

| | EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|---|
| 1. | Service of Complaint | See Part III.A, infra | March 5, 2025 Service under extension is only by court order. |
| 2. | Pleading Amendments/ Adding parties | See Part III.B, infra | May 4, 2025 |
| 3. | Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* and pleadings closed * | See Part III.B, infra | July 13, 2025 |
| 4. | Expert Witnesses and Compulsory Examinations | See Part III.D, infra | January 1, 2026 |
| 5. | Witness & Exhibit Lists | See Part III.C, infra | January 1, 2026 |
| 6. | Rebuttal Witness Lists | See Part III.E, infra | January 21, 2026 |
| 7. | Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | January 31, 2026 |
| 8. | Discovery Cut-Off | See Part III.H, infra | January 31, 2026 |
| 9. | Pre-Trial Meet & Confer | See Part III.I, infra | April 1, 2026 |
| 10. | Deposition Designations | See Part III.G, infra | April 11, 2026 |
| 11. | Deadline for Mediation | See Part IV, infra | April 21, 2026 |
| 12. | Deadline to hear ALL Motions | See Part III.J, infra | April 26, 2026 |
| 13. | Jury Instructions and Verdict Form | See Part III.O, infra | April 28, 2026 |
| 14. | Trial Ready Date ** | See Part II, supra | May 1, 2026 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

\* The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing within **five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

\*\* The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

III. **UNIFORM PRETRIAL PROCEDURES**

   A. **Timely Service and Defaults:**

   Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY**

Case No. 50-2024-CA-010550-XXXA-MB

**DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**

Any Motions to Amend Pleadings to add parties, must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED**.

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140, Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **250 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses**. On the last business day no later than **120 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **120 DAYS BEFORE TRIAL**.

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per

specialty unless they obtain leave of Court to list and call more than one expert witness per specialty, no later than 60 days prior to calendar call.

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **100 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and list of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **90 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer.** On the last business day no later than **3 0 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

1. Discuss settlement;
2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. Prepare a Pre-Trial Stipulation in accordance with paragraph E; and
4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial**. Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being**

**heard**. Failure to timely file and set motions for hearing in advance of Calendar Call will likely result the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

**Summary Judgment and _Daubert_ Motions** must be filed at least **90 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

K. **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

1. A list of all pending motions including Motions _In Limine_ and _Daubert_ Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived**.

2. Stipulated facts requiring no proof at trial which may be read to the trier of fact;

3. A statement of all issues of fact for determination at trial;

4. Lists of exhibits itemized as follows:

   a. Exhibits to be admitted by Plaintiff without objection;

   b. Exhibits to be admitted by Defendant without objection;

   c. Objected to Exhibits, with the specific basis for the objection stated.

   Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.

5. Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;

6. A statement of total estimated time for trial, including the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.

7. Names of attorneys to try case and their contact information; and

8. The number of peremptory challenges per party.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as provided above may result in the case being stricken from the Court's calendar or

other sanctions, including dismissal or default.

L. **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a stipulation pursuant to paragraph K, infra, and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M. **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N. **Enlarged Jury Panels:** Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least 6 months before calendar call.

O. **Jury Instructions and Verdict Form:** A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **3 days BEFORE TRIAL** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

P. **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

IV. **MEDIATION**

A. All parties are required to participate in mediation as follows:

1. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.

2. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.

3. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure

Case No. 50-2024-CA-010550-XXXA-MB

1.730(b), unless waived.

B. The Plaintiff's attorney is responsible for scheduling mediation. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2024-CA-010550-XXXA-MB    11/07/2024
G. Joseph Curley, Jr.    Circuit Judge

50-2024-CA-010550-XXXA-MB    11/07/2024
G. Joseph Curley, Jr.
Circuit Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

# ADA NOTICE

This notice is provided pursuant to Administrative Order No. 2.207-7/22

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene**

derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Lindsay Jevremovic</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>United Healthcare Insurance Company</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 11/05/2024 10:58:32 AM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☒ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Alan I Karten         Fla. Bar # 200263
    Attorney or party            (Bar # if attorney)

Alan I Karten         11/05/2024
 (type or print name)        Date

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

LINDSAY JEVREMOVIC,

      PLAINTIFF,              CASE NO.:

VS.

UNITED HEALTHCARE
INSURANCE COMPANY,

      DEFENDANT.

_____/

## SUMMONS

The State of Florida:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on
**Defendant: UNITED HEALTHCARE INSURANCE COMPANY**,

By serving its registered agent for the service of process:

Chief Financial Officer
Florida Department of Financial Services
200 E. Gaines St.
Tallahassee, FL 32399-0000

      Each Defendant is required to serve written defenses to the complaint on Alan Karten, Esq., Plaintiff's attorney, whose address is alankartenlaw@gmail.com, 321 Anderson Pond Road, Aiken, South Carolina 29803, within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

                  DATED on _____

                  Joseph Abruzzo, As Clerk of the Court

                  By: _____

                      As Deputy Clerk

NOT A CERTIFIED COPY



**JOSEPH ABRUZZO**

# RECEIPT
5543053

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
11/07/2024 09:44
Page 1 of 1

| Receipt Number: 5543053 - Date 11/07/2024  Time 9:44AM | | | |
|---|---|---|---|
| **Received of:** | Alan I Karten<br>321 Anderson Pond Road<br>Aiken, SC 29803 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 11972110 | **Remaining Balance:** | 0.00 |
| **Division:** | AI: Circuit Civil Central - AI(Civil) | | |

| Case# 50-2024-CA-010550-XXXA-MB -- PLAINTIFF/PETITIONER: JEVREMOVIC, LINDSAY | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 12993839 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

NOT A CERTIFIED COPY



**JOSEPH ABRUZZO**

# RECEIPT
5543986

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
11/07/2024 03:27
Page 1 of 1

| Receipt Number: 5543986 - Date 11/07/2024  Time 3:26PM | | | |
|---|---|---|---|
| **Received of:** | Alan I Karten<br>321 Anderson Pond Road<br>Aiken, SC 29803 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 11973092 | **Remaining Balance:** | 0.00 |
| **Division:** | AI: Circuit Civil Central - AI(Civil) | | |

| Case# 50-2024-CA-010550-XXXA-MB -- PLAINTIFF/PETITIONER: JEVREMOVIC, LINDSAY | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 13019228 | **10.00** |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |



**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.